{¶ 190} I would find the trial court properly determined the appellant knowingly, intelligently and willingly waived his right to counsel.
 {¶ 191} Although an accused may choose to forgo representation, any waiver of the right to counsel must be knowing, voluntary, and intelligent, see Iowa v. Tovar (2004),541 U.S. 77, 124 S.Ct. 1379, citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019,82 L.Ed. 1461. The information a defendant must possess in order to make an intelligent election depends on a range of case-specific factors, including his education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding. The information a defendant must have to waive counsel intelligently will depend upon the particular facts and circumstances in each case, Id.
 {¶ 192} In Tovar, supra, the United States Supreme Court held " [T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it." Tovar 451 U.S. at 92, citing United States v. Ruiz, 536 U.S. 622,629, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002). (emphasis in original).
 {¶ 193} Prior to the initial hearing appellant and his father received a seven page Order to Appear and Explanation of Rights, printed on bright yellow paper. In addition to the notice of hearing, the document describes the juvenile proceedings. The document contains an explanation of the juvenile's rights in *Page 28 
court, including the right to remain silent, the right to offer evidence and subpoena witnesses, the right to compel the state to prove its case beyond a reasonable doubt, the right to confront witnesses, and the right to a transcript, provided free if the juvenile is indigent.
 {¶ 194} The document then describes the right to counsel and contains a waiver of counsel, along with lines for the juvenile and parent to sign separately from the rest of the document. Appellant and his father both signed the waiver. The document advises what happens on the initial appearance, gives detailed descriptions of the various possible pleas and dispositions, the definition of serious youthful offender and bindover to adult court, the role of the magistrate, the right to appeal, the special provisions for juvenile sex offenders, and the right to expungement. Appellant and his father signed a second time, below the statement: "The undersigned have read and understand the explanations contained above."
 {¶ 195} At the February 6, 2006 hearing, the trial court read appellant the complaint and reviewed the explanations of rights form containing the written waiver. I would find the written explanation and waiver is more than adequate to inform appellant and his father of his rights.
 {¶ 196} Nevertheless, the court explained all appellant's rights to him, asking at frequent intervals if appellant understood. Appellant repeatedly stated he understood. The court explained appellant's right to an appointed attorney, the possible pleas, and the charges. The court refused to listen to the appellant's *Page 29 
version of events, explaining they had not yet reached that point in the proceedings.
 {¶ 197} Then the court listed the rights appellant would waive by giving up his right to a trial: the presumption of innocence; the requirement the state prove its allegations beyond a reasonable doubt; and again, the right to an attorney. The court informed appellant if there was a trial he had the right to confront and cross examine witnesses and to subpoena witnesses on his own behalf. The court advised the appellant he had the right to testify and give his side of the story, but also he had the right to remain silent. The court told appellant the trial would be tape recorded. The court advised appellant had had a right to appeal and a right to a free transcript of the trial. The court repeatedly asked appellant if he understood, and appellant always said he did. The court described the various sentencing options and asked appellant if anyone had made threats or promises. The court asked appellant if he was admitting the charges of his own free will, and then asked his parents if they agreed with appellant's decision. Appellant and his parents all responded yes.
 {¶ 198} Only after all the above did the court accept appellant's plea of true. I would find pursuant to Tovar, supra the question of whether appellant and his father understood his rights and knowingly, intelligently, and willingly waived them must be reviewed under the particular facts and circumstances of the case, and here I would find the court went to exhaustive lengths to ensure appellant and his parents understood his right to counsel as well as all the potential consequences of the proceedings. I would also find Tovar, et al, do not require a *Page 30 
detailed description of all possible defenses. I would find because the court thoroughly explained what appellant was waiving by refusing counsel and admitting the charges and consequently, appellant understood the dangers and disadvantages of self-representation.
 {¶ 199} I would also find the court properly determined appellant waived his rights at the March 20, 2006 hearing on the probation violation. Appellant and his father executed another Explanation of Rights form, and signed the waiver of counsel and the acknowledgment they understood the form. Once more the court addressed appellant and explained his rights, explained the differences between the original hearing and the hearing on the probation violation, and again described the rights appellant would be giving up if he waived his right to an attorney and to an evidentiary hearing.
 {¶ 200} I would overrule the first assignment of error, and find the remaining assignments of error ripe for review. HON. W. SCOTT GWIN *Page 31 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division is reversed, and the cause remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee. *Page 32 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division is reversed, and the cause remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.
 HON. WILLIAM B. HOFFMAN, HON. W. SCOTT GWIN, HON. PATRICIA A. DELANEY *Page 1